Equatorial Guinea, 1926-85. Please proceed. Good morning, Your Honor. My name is Francis M. Sekandi. I represent the Permanent Mission of Equatorial Guinea to the Ghana Nation. Hereafter, I call the mission. The mission appears the order of the District Court on two grounds. It is submitted in line with Rodriguez v. Costa Rica that where all issues in the complaint have been resolved, the matter is moot. The motion in this case should have been allowed because all matters complained by the plaintiffs were fully resolved. Alternatively, it is our submission that the District Court add to deny the mission's immunity under the rights in removal of property exception based on de minimis encroachment. Under the real property law of the State of New York as applied in McLeod v. Chanel, de minimis encroachments are deemed permissive and non-adverse and the District Court should have so found and allowed the motion. The Court has ruled on many occasions, most recently in Pablo's trial versus the Welsh government, that once the defendant has established this property case that it is a sovereign state, the burden shifts to the plaintiff to show that enumerated exceptions under the FISA 16.05, 16.07 apply. In Anglo-Iberian underwriting, this Court held that determining whether the burden is met involves a review of the allegations in the complaint and disputed facts in plaining placed before the Court by the parties and if the plaintiff comes forward with sufficient evidence to carry its burden of production on this issue, resolution of the disputed issues of facts. This Court has also ruled in Pablo's trial that a District Court must look to evidence outside the pleading, including the evidence provided by the defendant and may hold an evidentiary hearing if one is warranted. There was no dispute that the mission... Council, isn't in New York a leaking pipe a continuous trespass? And if a leaking pipe is, which is what is alleged is still going on in their land, that may not be enough. Ultimately, on the merits, and you may very well win on the merits, you might even win on a 12b6 motion, claiming that they haven't said that plausibly, but all those go to the merits, you couldn't appeal that anyway. So isn't the problem that there is a claim of something which goes to their ownership and not to damages, which is still there? And if that is so, or you may ultimately win, that doesn't permit us to dismiss on an Your Honor, there are two points we're trying to make here. One, the pipe has been removed or was removed once this was pointed out. And the allegation that the pipe has been placed on the ground is, has not been proved at all. In fact, if the Court had any doubts about it, we could have had an engineer as we did in the process that we did on... Council, you're arguing the merits now. No, no, I'm not arguing the merits. The question is whether, in fact, there is the trespass the right to removal of property must be currently an issue. And this is not an issue at the moment because the pipe has been removed. Well, you conflated the idea of mootness with the merits. And as a result, every time you argue mootness based upon the fact that you claim that everything was corrected, you have you then are talking about the merits. And the real question is, as a threshold matter, whether or not there's immunity. Isn't that really the question? The threshold matter is one of immunity. But there are two points we're trying to make here. Even if you hold that the pipe is still there, the law in the state of New York considers issues relating to pipes of this nature two feet across the pipeline to be de minimis. And in any case, there has not been... Right, but there are fact issues on all of this for some fact finders to determine. Is it de minimis? Were the corrections made or were they not made? Is there some pipe still there? And these are all questions that are up for grabs here. They're jury questions or factual questions that will have to be decided. And don't we have to take the plaintiff's allegations in terms of determining whether or not there's immunity by looking at the immunity question? I addressed this issue later in my presentation. This court alone, actually in Rodriguez, has held that in a question of immunity, it is important that the disputed fact, in this case, whether or not the pipe still runs or still is existing, have to be addressed because immunity goes to the merits of the case. Because in deciding the immunity, you have to apply the law. And I was going to go to address this in my presentation. I said that in Robinson, that a motion to dismiss based on sovereign immunity has particular significance because of the necessity of resolving the issue early on, if possible. Sovereign immunity under the FCAI is immunity from suit, not just from liability. Such immunity is effectively lost if a case is permitted to go to trial. And while an evaluation of the disputed facts in such a case can look like a decision on the merits, it is necessary because it may involve an examination of statutory law. If you allow this case to go to the merits and it is found that this pipe is not there, the admission would have been put to unnecessary cost and expense in order to find that the pipe is not there, which is the fact. Well, there wouldn't be unnecessary cost and expense if the immunity question was decided against you and then you made all the efforts to prove that there was no merit to the complaint. You're just incurring the cost and expenses up front and then maybe later. But this is a case that has been decided by this circuit in Robinson. And it says that these matters are very important in an immunity case to be resolved. If there are disputes on the facts, these matters have to be resolved before the trial. Because you cannot just say you have lost immunity and then you go to trial and find that the facts are actually on the side of the mission. But here we're looking, sir, at the nature of the action and the nature of subject matter jurisdiction of the district court. The plaintiffs here, regardless of what the facts end up being, the plaintiffs are seeking to quiet title to their property, which the district court found was an action regarding rights in occupable property, such as removed the blanket immunity from the mission. And it made an initial inquiry as to relevant facts and the nature of the dispute and made what seems to me is a reasonable determination. You have been arguing the merits, as my colleagues have put out, and also citing New York law as a basis for saying that if the changes were made and that all that's happening is some water or a pipe, leaving water on to the Eisenberg's property, that under New York law that's de minimis and therefore there is no dispute as to rights in immovable property. But I'm still stuck at the beginning that this is a dispute as to rights in immovable property, as to which the Eisenbergs seek to quiet title to their property. And that's all the district court has determined as a preliminary matter to then proceed and entertain the dispute. Can you tell me what's wrong with that thinking? I think that thinking is based on a misunderstanding of the actual effects of the de minimis rule. When the New York legislature... I have to interrupt you there, though. You were talking about a federal law, the Foreign Sovereign Immunities Act. And it's not entirely clear to me that in each state in which we have an action against a foreign sovereign, we apply state law to determine the exact contours of the federal jurisdiction based on state law about immovable property. That would create an odd result that you would have immunity in one state and not necessarily in another. Why should we be bound by New York law about de minimis encroachment? I think the determination under the FISA exception has two purposes. One, you have to determine what the actual act was. And two, you have to apply the law on those acts. When you're applying the law on those acts, you have to apply the law of the state where it is. Because, for example, if you are trying to see whether the issue... the case in Publoster on copyright, you have to look at the law of New York to see what the law on copyright is. And then apply it to the FISA to see whether, in fact, the exception applies. In this particular case, I think we have to understand the actual effect of a de minimis rule. An owner can have a quite title where the navigation of trespass. And the trespass, if it is adverse, then the other side can put up a fence and say, I have title because after 10 years I've been living on this particular land and looking after it. The New York law has cut off the adverse position argument by saying that if it is a de minimis, you cannot accept title to another person's land just because you've been using it. In reverse... Well, on the question of the... We argued in the court below that trespass in real property is defined to include an intentional invasion of another person's property. In this particular case, the fence and the pipe which were being complained of were actually in place when this property was acquired. And only when the plaintiff drew the attention of the mission that these things are encroaching, the fence had bent around a tree to be able to avoid the tree by about four feet into the other property. The pipe had also been following up on the fence. These things, when it became apparent from a survey that we carried out, were removed. So the issue that is being raised is now moot, but it is considered that it is still trespass. The question is, were they intentional? We're talking about the permanent mission, which is an individual. How can the permanent mission be held responsible for things that either were found on the property at the time of purchase or were not done by the mission? Okay, thank you very much. You have one minute of rebuttal. We'll hear from Mr. Grower. Thank you very much, Your Honors. May it please the Court, David Grower, Counsel appearing for the Appellees, Drs. Carroll and Leonard Eisenberg. I'm going to be relatively brief. I don't think I'm going to need the full ten minutes. Let me say this. The Honorable panel here has asked very insightful questions that go right to the heart of the issue here, and I will tell the Court that Judge Karas got the issues square on. He understood exactly what the issues here were. He properly analyzed the issue of how the burden shifts and who the initial proponent must be and how the burden shifts to the plaintiff to submit evidence showing that the exceptions to the FSIA apply and why immunity should not be granted, pointing out with proper citation to Gotham Asset Locators, a Southern District case, that the ultimate burden rests with the foreign sovereign. He went on, the Court, to analyze the issue. Of course, as this Court has pointed out, this is a federal threshold issue, and the lower court properly determined that the exception in this case does permit the action. Nothing that counsel for the appellant has told this panel today in any manner at all explains why that argument and why that analysis, which is a cogent analysis by the District Court, should not apply. In fact, the panel, the Honorable Court here, rightly seized on the point, which was a critical point, that the plaintiff's action, which was incidentally filed in state court simply to remove trespasses into quiet title, really was then removed to federal court, and after it was removed to federal court, the mission, which has been all over the place on this case and all over the place with its arguments, the mission said, well, you know, we're going to toss this case on subject matter. We're going to claim that we're immune and we cannot be sued. And they went on to a whole long analysis under the Vienna Convention, only to withdraw that analysis when they realized that that was not really applicable. And then they kind of focused on the immunity issue and then realized when they understood that they couldn't win on the immunity issue, they went ahead and decided, well, you know what, we're going to try the facts. We're going to argue the facts before the District Court and we're going to claim why this really isn't a substantial trespass, which, of course, it is a substantial trespass, but that's not even really the issue on this appeal, because the reality is that Judge Karas correctly found and correctly determined that this was a cloud on title and that this could indeed affect the marketability of my client's property, which is, of course, why they had to file the action, because the marketability of their property was impacted and they wouldn't even be able to sell the property based upon the conditions that still today exist. But, again, that's not even the issue here. The issue isn't what conditions exist today or what conditions don't exist today and what the facts will be when this hopefully goes forward. The issue is that the mission has brought forth a proposition to the lower court to suggest that we do not have the right to sue them because the FSIA protects them. Well, their facts are that the FSIA has properly determined and has properly analyzed by cases that include Supreme Court cases determined, as Judge Karas rightly held and rightly analyzed, that indeed the immovable property exception is an exception in property rights and plaintiffs are alleging the interference in their property rights and they are alleging facts that raise marketability issues with regard to their property and they are alleging facts that create a cloud on their title, which is why this panel astutely inquired as to how learned counsel for the appellant explains the fact that plaintiff's action does seek to quiet title. And the answer here is that what counsel for appellant is basically saying to the court is, well, we're going to approach this in whatever manner we need to approach it to confuse the issues and if you're going to ask us why the law doesn't apply, we're going to argue facts. If you're going to ask us how the facts don't support your position, well, we're going to give you a different argument dealing with state law, not recognizing here that this has nothing to do with how state law interprets what constitutes de minimis or doesn't constitute de minimis. Reality is we have a prima facie action. We've alleged substantial trespass. And by the way, the barbecue station, which counsel doesn't even address, is really the major issue here. Yes, the pipe is a lingering, continuing trespass. Yes, the pipe continues to discord water. And yes, it has to be fixed. But the major issue really is a substantially encroaching barbecue station, which is what creates the cloud on title, which has to be removed, which is what forces plaintiffs to remain, unfortunately, in this litigation posture because they have to remove the cloud on title. They've got a quiet title, et cetera. So what I would say to this learned panel is that the appeal has no merit. Judge Karas got it 100% right. His analysis is square on. The cases that he cites, including permanent mission of India and including Mukaddam, and including the other cases that are in our brief, establish why the mission is not entitled to the protection of the FSIA, why the immovable property exception creates the exception to protect clients such as my clients in this particular case. And I respectfully submit that this court needs to affirm, based upon the sound reasoning of the district court. And I don't have anything to add to that, unless your honors have a specific question. Judge Walker, Judge Calabresi? No question. All right. Thank you for your time. Thank you. Thank you for your time. Mr. Sikandi, you have one minute rebuttal. In response to Judge Calabresi's question, I think the issue of the running water from the pipe is one in nuisance and not in a real property. And I think there are a lot of authorities on that. And the plaintiffs have not pleaded the exception on precious damages. Finally, when the property was bought by the mission in 2010, the map, as you will see on the record, included the fence that was complaining about, and actually even the pipe was there, and we got a clean title. The plaintiffs in 2008 were able to acquire their title only two years earlier, when all these things were there on the property, and they acquired a clean title. I don't see how a quiet title can come in. And in any case, the de minimis rule conversely erodes the whole idea or argument about a quiet title, because no title can be acquired by the mission. But for de minimis encroachment, and therefore the plaintiff cannot then have a quiet title claim on that basis. If this case had stayed in the Supreme Court of New York, they would not have succeeded. Thank you. Thank you very much. Thank you, Mr. Sikandi. We will reserve decision on this case. Thank you, Your Honor. Thank you very much. Thank you, Your Honor.